UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO M. MEZA, | Case No. EDCV 12-887 JC |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

## I.  SUMMARY

On June 1, 2012, plaintiff Francisco M. Meza ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; June 4, 2012 Case Management Order ¶ 5.

///

Based on the record as a whole and the applicable law, the decision of the Commissioner is AFFIRMED.  The findings of the Administrative Law Judge ("ALJ") are supported by substantial evidence and are free from material error.[1]

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On June 28, 2007, plaintiff filed an application for Supplemental Security Income benefits.  (Administrative Record ("AR") 31, 139).  Plaintiff asserted that he became disabled on March 2, 1984, due to autism and anxiety.  (AR 159).  The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel), plaintiff's mother, and a vocational expert on October 20, 2009.  (AR 43-67).

On December 4, 2009, the ALJ determined that plaintiff was not disabled through the date of the decision.  (AR 31-39).  Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairment:  developmental disorder (AR 33); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 33-34); (3) plaintiff retained the residual functional capacity to perform a full range of work at all exertional levels with certain nonexertional limitations[2] (AR 34-35); (4) plaintiff had no past relevant work (AR 38); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically kitchen helper and hand packager (AR 38); and (6) plaintiff's allegations regarding his

---

[1] The harmless error rule applies to the review of administrative decisions regarding disability.  See Molina v. Astrue, 674 F.3d 1104, 1115-22 (9th Cir. 2012) (discussing contours of application of harmless error standard in social security cases) (citing, *inter alia*, Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1054-56 (9th Cir. 2006)).

[2] The ALJ determined that plaintiff:  (1) could perform a full range of work at all exertional levels; (2) was limited to performing simple repetitive tasks; (3) could have occasional non-stressful contact with co-workers and supervisors; (4) could not have public contact; and (5) "may miss work up to two times per month."  (AR 34-35).

limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 36).

The Appeals Council denied plaintiff's application for review. (AR 6-10).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

///
///

|   |   |   |
|---|---|---|
| | (4) | Does the claimant possess the residual functional capacity to perform claimant's past relevant work?  If so, the claimant is not disabled.  If not, proceed to step five. |
| | (5) | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy?  If so, the claimant is not disabled.  If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.    Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and

evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

### A. The ALJ Properly Evaluated the Evidence of Plaintiff's Mental Impairment

#### 1. Pertinent Law

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided. Courts distinguish among the opinions of three types of physicians: those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians"). Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) (footnote reference omitted). A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion.[3] See id.

Social Security regulations also distinguish between opinions provided by "acceptable medical sources" (*e.g.*, licensed physicians and licensed or certified psychologists) and those from "other sources" (*e.g.*, nurse-practitioners, physicians' assistants, developmental center workers, and other non-medical sources). See Gomez v. Chater, 74 F.3d 967, 970 (9th Cir.), cert. denied, 519 U.S.

---

[3] Cf. Le v. Astrue, 529 F.3d 1200, 1201-02 (9th Cir. 2008) (not necessary or practical to draw bright line distinguishing treating physicians from non-treating physicians; relationship is better viewed as series of points on a continuum reflecting the duration of the treatment relationship and frequency and nature of the contact) (citation omitted).

881 (1996); 20 C.F.R. §§ 416.913(a), (d).  The opinion of an "acceptable medical source" is generally given more weight than the opinion of an "other source."  Molina, 674 F.3d at 1111; Gomez, 74 F.3d at 970-71; Social Security Ruling ("SSR" ) 06-3p.  While "other source" statements may not, without more, establish a medically determinable impairment, they may be used to show the severity of an impairment and how it affects a claimant's ability to work.  20 C.F.R. § 416.913; SSR 06-03p.  Statements from "other sources" are competent evidence that an ALJ must take into account, unless he expressly determines to disregard such evidence and gives reasons germane to each witness for doing so.  Molina, 674 F.3d at 1111 (citations omitted).

### 2. Pertinent Background

On December 11, 2007, Dr. Clifford Taylor, a consultative state agency psychologist, performed a Psychological Evaluation of plaintiff, which included a mental status evaluation and objective psychological testing.[4]  (AR 252-58).  Based on his examination of plaintiff and the results of the objective testing, Dr. Taylor diagnosed plaintiff with pervasive developmental disorder not otherwise specified versus autism per history, and opined, *inter alia*, that plaintiff had (i) no impairment in his ability to understand, remember, and carry out job instructions and could complete simple and moderately difficult tasks without impairment; (ii) no impairment in his ability to maintain attention, concentration, persistence and pace; (iii) marked impairment in his ability to relate and interact with supervisors, coworkers, and the public; and (iv) moderate impairment in his ability to adapt to day-to-day work activities, including attendance and safety.  (AR 257).

On January 9, 2008, a non-examining, state agency physician reviewed plaintiff's medical records and concluded that plaintiff could do jobs that involved

---

[4]Dr. Taylor administered the following tests:  Trails A and Trails B; Bender Visual-Motor Gestalt Test-II; Wechsler Memory Scale-III; Wechsler Adult Intelligence Scale-III; and Test of Memory Malingering.  (AR 252).

1  "detailed/semi-skilled work activity in a low-stress, non-public setting." (AR 260-
2  76). On February 19, 2008, a second non-examining, state-agency reviewing
3  physician affirmed the January 9, 2008 determination. (AR 277-78).
4      From January 14, 2009 to February 28, 2009, a vocational training agency
5  named EXCEED, conducted a Situational Assessment of plaintiff which included,
6  *inter alia*, the evaluation of plaintiff's functional capacity level in a community-
7  based work setting, plaintiff's work related capabilities and stamina, plaintiff's
8  work habits, work skills, work attitudes, social behaviors and grooming, and
9  plaintiff's ability to follow directions and work with minimal supervision. (AR
10 36) (citing Exhibit 8F at 2-7 [AR 282-87]). The unidentified author of the
11 Situational Assessment report ("EXCEED Report") recommended that plaintiff be
12 referred to "Group Placement in Supported Employment." (AR 286).
13     The ALJ gave "great weight" to the EXCEED Report, but rejected the
14 report's finding that plaintiff was limited to "supported employment." (AR 36).
15         **3.    Analysis**
16     Plaintiff contends that a remand or reversal is warranted because the ALJ
17 rejected the recommendation in the EXCEED Report that he be referred to "Group
18 Placement in Supported Employment." (Plaintiff's Motion at 5-7). The Court
19 disagrees.
20     First, the ALJ properly rejected the EXCEED Report's recommendation of
21 supported employment as inconsistent with plaintiff's functional abilities. See
22 Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 601-02
23 (9th Cir. 1999) (ALJ may reject medical opinion that is inconsistent with other
24 evidence of record including claimant's activities and cognitive abilities);
25 Magallanes v. Bowen, 881 F.2d 747, 751-52 (9th Cir. 1989) (ALJ may properly
26 reject a medical opinion if it is inconsistent with a plaintiff's demonstrated
27 abilities); see also SSR 06-03p, 2006 WL 2329939, *4 (factors used to evaluate
28 evidence from "acceptable medical sources" should also be used when evaluating

evidence from "other sources").  Here, as the ALJ noted, the EXCEED Report reflects that during the Situational Assessment plaintiff excelled in the work he was given, appeared "excited to work," and "[took] pride in the quality of his work."  (AR 36, 285-86).  Moreover, plaintiff "quickly became a strong member of his work team," "displayed an ability to work in an attentive and focused manner," and "seemed to enjoy engaging in conversation with his co-workers and always presented appropriate social interaction."  (AR 286).  As the ALJ also noted, in a function report dated August 1, 2007, plaintiff stated that he had no problem doing his own personal care and could prepare all his own meals and do most household chores.  (AR 35, 184-86).  Plaintiff also stated that he would spend time with his friends and family whenever he had the opportunity and had no problem getting along with family, friends, neighbors or others.  (AR 35, 187-88).

Second, the ALJ also properly rejected the EXCEED Report in favor of the conflicting opinions of Dr. Clifford and the state-agency reviewing physicians – none of whom found that plaintiff needed supported employment.  Molina, 674 F.3d at 1112 (ALJ may properly discount "other source" opinion in favor of conflicting opinions from licensed physicians – "acceptable medical sources" who are entitled to greater weigh); see SSR 06-3p, 2006 WL 2329939, at *4 (in evaluating evidence from "other sources," ALJ may consider "how consistent the opinion is with other evidence"); see also Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005) (inconsistency with medical evidence is germane reason for discrediting testimony of lay witness) (citing Lewis, 236 F.3d at 511); Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (ALJ did not err by omitting from hearing decision discussion of "lay testimony that conflicted with the available medical evidence.").  Although plaintiff contends that "[t]he need for supported employment finds support in the record" (Plaintiff's Motion at 7), the

///

1 Court will not second guess the ALJ's reasonable determination to the contrary.
2 See Robbins, 466 F.3d at 882.
3     Accordingly, a remand or reversal on this basis is not warranted.

    **B.**    **The ALJ's Step Five Determination Is Supported By Substantial Evidence and Is Free of Material Error**

        **1.**    **Pertinent Law**

If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show, at step five, that the claimant can perform some other work that exists in "significant numbers" in the national economy (whether in the region where such individual lives or in several regions of the country), taking into account the claimant's residual functional capacity, age, education, and work experience. Tackett, 180 F.3d at 1100 (citing 20 C.F.R § 404.1560(b)(3)); 42 U.S.C. § 423(d)(2)(A). Testimony from a vocational expert may constitute substantial evidence of a claimant's ability to perform work which exists in significant numbers in the national economy when the ALJ poses a hypothetical question that accurately describes all of the limitations and restrictions of the claimant that are supported by the record. See Tackett, 180 F.3d at 1101; see also Robbins, 466 F.3d at 886 (finding material error where the ALJ posed an incomplete hypothetical question to the vocational expert which ignored improperly-disregarded testimony suggesting greater limitations); Lewis v. Apfel, 236 F.3d 503, 517 (9th Cir. 2001) ("If the record does not support the assumptions in the hypothetical, the vocational expert's opinion has no evidentiary value.").

        **2.**    **Analysis**

Here, plaintiff essentially contends that the ALJ's step five determination warrants a reversal or remand because (1) the hypothetical question the ALJ posed to the vocational expert was incomplete since the ALJ stated that plaintiff (or a hypothetical individual with plaintiff's characteristics) "*might* miss work up to twice a month" (Plaintiff's Motion at 8) (emphasis added) (citing AR 65) and

(2) in light of new evidence plaintiff presented to the Appeals Council (specifically, an Absenteeism Study prepared at the request of plaintiff's lawyer which reflects, in pertinent part, that "most employers" do not tolerate more than one employee absence per month on a regular basis ("Absenteeism Study") (AR 219-27)), the vocational expert's opinion that there are jobs available for a hypothetical individual who could miss work up to two times a month was inconsistent with "commonsense understanding of tolerable workplace performance" and, therefore, could not serve as substantial evidence supporting the ALJ's step five determination. (Plaintiff's Motion at 8-11) (citing AR 219-27). The Court disagrees.

First, the hypothetical question posed to the vocational expert was not incomplete simply because the ALJ stated that plaintiff "*might* miss work up to twice a month." (AR 65) (emphasis added). The hypothetical clearly set out a possible range of absenteeism that could be expected, as well as all other functional limitations and restrictions the ALJ found were supported by the record. To the extent some ambiguity remained, the ALJ was entitled to seek the opinion of a professional vocational expert to help in assessing whether there were jobs available for a hypothetical individual who had the identified possible range of limitation in his ability to maintain regular attendance. See Bayliss, 427 F.3d at 1218 ("A [vocational expert's] recognized expertise provides the necessary foundation for his or her testimony. Thus, no additional foundation is required."). Although plaintiff contends that the ALJ's limitation does not accurately account for "the chronicity and repetitive nature of the absenteeism" found by Dr. Taylor, the Court will not second guess the ALJ's implicit determination that it does.

Second, since the Appeals Council considered the Absenteeism Study in deciding whether to review the ALJ's decision, this Court also must consider such evidence in determining whether the ALJ's decision was supported by substantial evidence and free from legal error. See Brewes v. Commissioner of Social

Security Administration, 682 F.3d 1157, 1162-63 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence."); see also Taylor v. Commissioner of Social Security Administration, 659 F.3d 1228, 1231 (9th Cir. 2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error") (citing Ramirez v. Shalala, 8 F.3d 1449, 1451-54 (9th Cir. 1993)).  Here, as noted above, the ALJ posed a complete hypothetical question to the vocational expert.  Thus the vocational expert's testimony, which the ALJ adopted, was substantial evidence supporting the ALJ's determination at step five that there were jobs in the national economy that plaintiff could perform.  Tackett, 180 F.3d at 1101.  Even if the evidence as a whole could support a finding of "disabled" at step five when the Absenteeism Study is considered, as noted above, this does not warrant reversing the ALJ's contrary finding which is also supported by substantial evidence.  Robbins, 466 F.3d at 882.

Accordingly, a remand or reversal on this basis is not warranted.

**V.    CONCLUSION**

For the foregoing reasons, the decision of the Commissioner of Social Security is affirmed.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 20, 2012

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE